UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DONNA SMITH                                         CIVIL ACTION

VERSUS                                              NO.   1:17- CV- 0082

LINCOLN NATIONAL LIFE INSURANCE COMPANY

## COMPLAINT

The Complaint of Donna Smith respectfully alleges:

1. This is a claim for long term disability benefits.

2. This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Plaintiff, **Donna Smith**, of lawful age, resides and is domiciled in Pineville, Louisiana and therefore a resident of Louisiana. Donna Smith is a plan participant and beneficiary of a group disability plan created by her employer, Rapides Parish School Board, and an insured participant of a group disability policy issued by Lincoln National Life Insurance Company. Ms. Smith is a citizen of Louisiana.

4. Defendant, **Lincoln National Life Insurance Company** ("Lincoln"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Lincoln is incorporated in Fort Wayne, Indiana, and its principal place of business is also in Indiana. Lincoln is therefore a citizen of Indiana.

5. Lincoln issued a group disability policy, No. 000010159581, insuring the employees of Rapides Parish School Board.

6. Plaintiff's disability policy is part of a non-ERISA plan, as Rapides Parish School Board is exempt from ERISA under 29 U.S.C. Sec. 1003 because the plan was established and is maintained by a governmental entity.

7. Plaintiff worked as an elementary school teacher before begin forced to take disability leave due to intractable epilepsy. She suffers from debilitating epilepsy with both petite mal and grand mal seizures.

8. Plaintiff is disabled under the terms of the Lincoln insurance policy and has provided Defendant with ample medical documentation and other evidence supporting her claim for disability benefits.

9. Plaintiff medical conditions prevent her from performing her job duties.

10. Lincoln received satisfactory proof of loss that fully apprised Lincoln of Plaintiff's entitlement to disability benefits.

11. Lincoln has, without good reason or cause, denied the claims for benefits despite receipt of overwhelming proof of her claim for disability benefits.

12. Lincoln refused to promptly and fairly adjust and pay this claims. Plaintiff therefore seeks penalties against Lincoln under the Louisiana Insurance Code, including, but not limited to, LA 22:658, LA RS 22:1892, LA RS 22:1821.

13. A reasonable and prudent businessman would have paid Plaintiff's claims after receiving the Proof of Loss Plaintiff provided to Lincoln.

14. Lincoln's failure to pay this claim was arbitrary and capricious, without good cause, and made in bad faith.

15. Despite receiving proof of loss, Defendant did not pay the claim within 30 days. It failed to formally deny the claims until well after the 30-day period prescribed in the Louisiana Insurance Code.

16. Lincoln's denial of this claim has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety, as without her disability income from Lincoln she has been unable to pay her continuing medical expenses and living expenses.

17. Lincoln breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to her after receiving proof of loss.  Further, Lincoln's denial letters constitute an express repudiation and anticipatory breach of Lincoln's future obligations to pay benefits to Plaintiff under the Policy, thus making all such obligations now due and owing.

18. Lincoln failed to provide requested information to Plaintiff and to her attorney, such as a complete copy of Lincoln's claims files.

19. Defendant intended to cause Plaintiff to suffer severe emotional distress or acted with a reckless disregard of the probability that such distress would result from its conduct.

20. Lincoln's denial of this claim has caused Plaintiff untold financial and emotional hardship. She has been deprived of substantial disability income that she needs to pay her ongoing medical and living expenses.

21. As a result of Lincoln's conduct as alleged herein, Plaintiff suffers severe emotional distress.

22. Plaintiff appealed the denials, providing additional, overwhelming evidence supporting her entitlement to continuing disability benefits.  Lincoln has failed to reverse its decision.

23. Lincoln administered Plaintiff's claim with an inherent and structural conflict of interest as Lincoln is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Lincoln's assets.

24. Lincoln chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

25. As a routine business practice, Lincoln uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

26. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

27. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

28. Plaintiff is entitled to penalties and attorney fees for Lincoln's failure to pay her claim within 30 days of receipt of proof of loss that would cause an ordinary prudent businessperson to pay her claim.

29. Plaintiff is entitled to damages for the mental anguish she has suffered because of Lincoln's denial of her claim.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**1.** For damages, including past and future disability benefits under policy terms, plus interest;

**2.** For penalties under the Louisiana Insurance Code, including, but not limited to LA RS <u>LA 22:658</u>, <u>LA RS 22:1892</u>, <u>LA RS 22:1821</u>;

**3.** For damages for the physical and emotional distress Lincoln caused to Plaintiff;

**4.** For all reasonable attorney fees and court costs;

**5.** For trial by jury; and

**6.** For all other relief as the facts and law may provide.

                                              Respectfully submitted,

                                              /s/ Reagan L. Toledano
James F. Willeford (LA. 13485)
Reagan L. Toledano (LA. 29687)
WILLEFORD & TOLEDANO
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com